# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOHN MILLER,

    Plaintiff,

v.

TAMMY SUGGS; HILTON HALL; KEVIN DAVIS; WILLIE COOK; C.O. GREEN; C.O. YOUNGBLOOD; C.O. LYNN DAVIS; and WILLIAM BURSE,

    Defendant.

CIVIL ACTION NO.: 5:17-cv-123

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court are Plaintiff's Motion to Appoint Counsel, (doc. 3), and Motion for Preliminary Injunction[1], (doc. 4). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. Furthermore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction.

## I.  Motion to Appoint Counsel (Doc. 3)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing

---

[1] Plaintiff filed this as a Motion to Stay. However, it is clear from his Motion that the relief he seeks is a preliminary injunction. Accordingly, the Court recasts this Motion to Stay as a Motion for Preliminary Injunction. See Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting Castro v. United States, 540 U.S. 375, 381 (2003))).

Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

## II. Plaintiff's Motion for Preliminary Injunction (Doc. 4)

Plaintiff filed a Motion for Preliminary Injunction asking this Court to ensure that he cannot be transferred to another prison. (Doc. 4.) To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a

constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction or temporary restraining order. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. Furthermore, Plaintiff has since been transferred to Calhoun State Prison in Morgan, Georgia so this Motion is moot. Therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Preliminary Injunction.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 3). Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Motion for Preliminary Injunction, (doc. 4).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED**, this 24th day of October, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA